IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA PAYNE,<br>      Plaintiff, | Civil No. 3:13-cv-2203 |
| v. | (Judge Mariani) |
| C/O DUNCAN, et al.,<br>      Defendants. | |

**MEMORANDUM**

I. **Background**

On August 21, 2013, Plaintiff, Joshua Payne, a *pro se* prisoner, initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations for events that occurred at the State Correctional Institution at Camp Hill, Pennsylvania. (Doc. 1). The named Defendants are Unit Manager Scott Whalen and Corrections Officers Duncan, Ziegler, and Huber. (*Id.* at ¶¶ 5, 6).

By Memorandum and Order dated April 23, 2014, Defendants' partial motion to dismiss was granted and Defendants Huber and Whalen were dismissed as parties to this action. (Docs. 21, 22). The sole remaining claim is based on an alleged retaliatory cell search against Defendants Duncan and Ziegler. (*Id.*). On May 8, 2014, Defendants Duncan and Ziegler filed an answer to the complaint. (Doc. 23). Presently before the Court is Plaintiff's motion for leave to amend/supplement his original complaint. (Doc. 50). In his motion, Plaintiff states, *inter alia*, that "new issues have arise[n] & Plaintiff wish[es] to add

them to the complaint." (*Id.*). For the reasons that follow, Plaintiff's motion for leave to file an amended/supplemental complaint will be denied.

## II. Discussion

The filing of an amended complaint is governed by Federal Rule of Civil Procedure 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).

Plaintiff's original complaint was filed on August 21, 2013. (Doc. 1). Defendants filed their Rule 12(b) partial motion to dismiss on January 28, 2014. (Doc. 14). Plaintiff's motion to file an amended complaint was not filed until March 5, 2015, (Doc. 50), clearly past the time period allotted for filing an amended complaint as a matter of course. Plaintiff has not obtained the opposing parties' written consent thus, at this point, Plaintiff is required to request leave of court to file such a pleading. *See* FED. R. CIV. P. 15(a)(2).

Local Rule 15.1(a) requires that when "a party files a motion requesting leave to file an amended pleading," the party must include with the motion as a separate document the proposed amended pleading "complete in itself including exhibits." M.D. Pa. Local Rule 15.1(a). In addition, Local Rule 15.1(b) provides that motions to amend a complaint must also be accompanied by "a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type." M.D. Pa. Local Rule 15.1(b). Plaintiff has failed to submit a proposed amended pleading or provide a copy of the original pleading with the changes noted. Without a proposed amended complaint complete in itself, the Court cannot determine whether the amendment is proper under Rule 15(a). *See Panetta v. SAP America, Inc.*, 294 Fed. Appx. 715, 717-18 (3d Cir. 2008) (setting forth the grounds upon which a district court may deny leave to amend, which include "undue prejudice to the opposing party by virtue of allowance of the amendment" and "futility of amendment"), *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the motion to amend, Plaintiff claims that his allegations are not that Defendants searched his cell in retaliation for filing complaints against the Defendants.[1] (Doc. 50, ¶ 2).

---

[1] The complaint alleges the following relevant facts. On March 7, 2013, Plaintiff's cell was searched by Special Management Unit ("SMU") Officers Duncan and Ziegler. (Doc. 1, ¶¶ 17, 18). During the cell search, Officer Duncan told Officer Ziegler that Plaintiff got Duncan kicked out of the SMU because Plaintiff complained that Duncan gave him a razor to commit suicide. (Doc. 1, ¶ 19). Officer Duncan also told Officer Ziegler that Plaintiff liked to file grievances and lawsuits, therefore he should throw away Plaintiff's property to deter him from filing more grievances and lawsuits. (Doc. 1, ¶ 20). Plaintiff alleges

Rather, Plaintiff now claims that Defendants threw away his personal property in retaliation for filing grievances against the Defendants and for complaining that Duncan gave him a razor to purportedly commit suicide. (*Id.*). Thus, Plaintiff now states that the retaliatory act was the throwing away of certain pieces of his property, and not the cell search. (*Id.*). In response, Defendants argue that Plaintiff is not merely seeking to amend the complaint to add new facts but, rather, he is attempting to change the theory of the case. (Doc. 53, p. 10).

In *U.S. ex rel. Brown v. Merant Inc.*, the court held that allowing plaintiff to file a fourth complaint would be prejudicial to the defendant. 2002 WL 487160, *7 (E.D. Pa. March 29, 2002). The court noted that the case was pending for over two years, and that "[a] fourth complaint, when the litigation is at the summary judgment stage, would prejudice [the defendant] by forcing it to defend another claim ... not within the Second Amended Complaint and embark anew on voluminous discovery." *Id.* The court further stated that allowing the amendment "would essentially deny [the defendant] summary judgment because the evidence proves no allegation against it but might show something else." *Id.*

Similarly, permitting Plaintiff, at this stage in the litigation, to introduce a new theory of the case would prejudice Defendants. Thus far, Defendants have engaged in discovery,

---

that he was verbally harassed by Officer Duncan and strip-searched over the filing of grievances. (Doc. 1, ¶¶ 22-25). Plaintiff alleges that property was removed from his cell during this search, including his legal materials. (Doc. 1, ¶¶ 25, 26, 28). He further alleges that the destruction of the legal materials will hinder his ability to litigate his pending cases and challenge his criminal conviction. (Doc. 1, ¶¶ 29, 30).

deposed Plaintiff, and filed a pending motion for summary judgment. Allowing Plaintiff's amendment would result in additional discovery, cost, and preparation to defend against a new theory. See Wright & Miller, 6 Federal Practice and Procedure: Civil § 1487 ("[I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial.").

Moreover, Plaintiff has exhibited undue delay in seeking the amendment and has offered no explanation as to the delay. Plaintiff's motion to amend was filed nearly two years after the complaint was filed, and the factual information and theories of the case were presumably known to Plaintiff at the time of filing the complaint. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (stating that a three year lapse between filing of the complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); *see also Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting the proposed second amended complaint where plaintiffs were re-pleading facts that could have been pled earlier). As such, Plaintiff's request to amend will be denied.

As to Plaintiff's request to supplement his complaint, Federal Rule of Civil Procedure 15(d) provides:

> (d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting

> out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading, within a specified time.

FED. R. CIV. P. 15(d).

"[W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, 6A Federal Practice and Procedure: Civil § 1506 (3d ed. 1998). A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, the granting of a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting the plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. *Id.*

Plaintiff failed to provide a proposed supplement to the complaint for the Court's review. In his motion, Plaintiff merely states that "[t]his court should grant leave to file [a] supplemental complaint because the events are in [connection] to the original pleadings." (Doc. 50, ¶ 5). Without a proposed supplement, the Court cannot determine whether Plaintiff's new claims arise out of events which occurred before or after the events alleged in Plaintiff's original complaint. Further, the Court cannot determine whether Plaintiff's claims constitute a "new cause of action" involving persons who are strangers to the existing action. As such, this Court finds that to allow supplementation by Plaintiff would be prejudicial to Defendants and that it would needlessly delay disposition of this case.[2] Consequently, Plaintiff's motion to supplement will be denied.

A appropriate Order will issue.

Date: May 15, 2015

Robert D. Mariani
United States District Judge

---

[2] To the extent that Plaintiff's proposed claims are unrelated to the instant action, there is little, if any, prejudice to Plaintiff in denying his motion so that he may pursue any unrelated claims in a new civil rights action, if he so chooses.